UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ROMAN E. BENDER and | ) | Case No. 05 B 52978 |
| SHARON J. BENDER, | ) | |
| Debtors | ) | Hon. Pamela S. Hollis |

                                **AMENDED**
                          <u>**TRUSTEE'S FINAL REPORT**</u>

To:  The Honorable Pamela S. Hollis
     Bankruptcy Judge

  NOW COMES DAVID R. HERZOG, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

  1.  The Petition commencing this case was filed on October 13, 2005 under Chapter 7 of the Bankruptcy Code ("Code").

  2.  Thereafter, David R. Herzog was appointed as Trustee. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

  3.  The Trustee certifies he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code.  The nonexempt assets of the estate have either been converted to cash, disposed of under order of this Court or are sought to be abandoned by the Trustee; there is no other property belonging to the estate to the best of the Trustee's knowledge; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge.  The Trustee certifies that

this estate is ready to be closed.  The tasks performed by the Trustee to administer this estate are set forth on Exhibit A.

4   The disposition of estate property is set forth in Exhibit B.  The scheduled value of property abandoned is $ 0.00. The property abandoned, or sought to be abandoned herein, along with the reasons for such abandonment, is described in the aforesaid "Exhibit B".

5   A summary of the Trustee's final account as of is as follows[1]:

      a.   RECEIPTS (see Exhibit C)                     $ 48,151.25*

      b.   DISBURSEMENTS (see Exhibit C)                 $  5,965.55*

      c.   NET CASH available for distribution           $ 42,185.70

      d.   ADMINISTRATIVE EXPENSES:

          1.   Trustee's compensation
             requested (see Exhibit E)        $ 12,000.00

          2.   Expenses (see Exhibit E)
             Photocopies                      $       0.00

          3.   Compensation requested by
             attorney or other professionals
             for Trustee (see Exhibit F)

             Attorneys for Trustee            $  4,000.00

          4.   Administrative claim of
             Roman & Sharon Bender per
             order dated 3/14/06              $  2,114.11

---

[1] The funds received for the sale of the real estate totalled $5,881.42. The deposit of these funds was done on the same day as a deposit for another bankruptcy estate. Both deposits involved Title Company checks issued by the same company. Due to an clerical error in the Trustee's office, the deposit of $42,447.09 was erroneously made into the account of Larry and Lynette Haynes, Case No. 05-49995. The Haynes funds of $5,881.42 were deposited into this account.  When the mistake was discovered, Trustee contacted the bank holding both account funds and was directed to withdraw the funds and deposit them in the correct account, and to do likewise with the Haynes account.

\*Includes non-estate receipts erroneously deposited in account. Actual estate receipts total $42,185.70.

\*\* Includes distribution/return of non-estate monies erroneously deposited in account. Actual estate distributions total $9.40.

6. The Bar Date for filing unsecured claims expired on April 12, 2006.

7. All claims filed in this case with the Clerk of Bankruptcy Court have been reviewed by the Trustee to the extent warranted by the circumstances of this case, and a report is attached as Exhibit D. The actual dollar amount of claims allowed and/or filed for this estate is as follows:

    a. Allowed unpaid secured claims $ 0.00

    b. Chapter 7 administrative claims $ 18,114.11
       (Including Clerk's Fees)

    c. Chapter 11 administrative claims $ 0.00

    d. Allowed priority claims $ 0.00

    e. Allowed unsecured claims $ 35,312.36

8. There were no priority claims filed in this estate.

9. Trustee proposes that unsecured creditors receive a distribution of .6816760477068% of allowed claims.

10. Total compensation previously awarded to Trustee's counsel, accountant, or other professional is $0.00. Trustee's attorney's, accountant's, or other professional's compensation requested but not yet allowed is $4,000.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $0.00 (See Exhibit G).

11. A fee of $2,000.00 was paid to the attorneys for the Debtor for services rendered in connection with this case and no

basis appears to request an examination of those fees pursuant to 11 U.S.C. Section 329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above foregoing is true and correct, requests the Court to provide for notice and opportunity for a hearing under 11 U.S.C. Sections 330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement and make final allowance of the administrative claims and expenses stated in this report, and for such other and further relief as the Court shall deem proper.

                                          RESPECTFULLY SUBMITTED:

DATE:   5/22/09_____    _____
                                                   SIGNATURE

                                                   David R. Herzog
                                                 TRUSTEE NAME

                                                 77 W. Washington St., Ste. 1717
                                                 Chicago, Illinois  60602
                                                 ADDRESS

basis appears to request an examination of those fees pursuant to 11 U.S.C. Section 329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above foregoing is true and correct, requests the Court to provide for notice and opportunity for a hearing under 11 U.S.C. Sections 330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement and make final allowance of the administrative claims and expenses stated in this report, and for such other and further relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE:   5/22/09

_____
SIGNATURE

David R. Herzog
TRUSTEE NAME

77 W. Washington St., Ste. 1717
Chicago, Illinois   60602
ADDRESS